IN THE MATTER OF THE REVISION OF RATES FILED BY TOMS RIVER WATER COMPANY INCREASING ITS RATES FOR WATER SERVICE.

TOMS RIVER WATER COMPANY, PETITIONER-APPELLANT, v. NEW JERSEY BOARD OF PUBLIC UTILITY COMMISSIONERS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 14, 1978—Decided March 27, 1978.

Before Judges HALPERN, LARNER and KING.

*Mr. William C. Davis* argued the cause for petitioner-appellant (*Messrs. Hyland, Davis & Reberkenny,* attorneys; *Mr. John S. Fields* on the brief).

*Ms. Anne Serzan Babineau,* Assistant Deputy Public Advocate, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Advocate, attorney; *Mr. William Gural,* Director, Division of Rate Counsel; *Mr. Roger L. Camacho,* Deputy Public Advocate, of counsel and on the brief).

*Mr. Bertram P. Goltz, Jr.,* Deputy Attorney General, appeared for New Jersey Board of Public Utility Commissioners and filed a statement in lieu of brief (*Mr. John J. Degnan,* Attorney General, attorney; *Mr. Robert J. Del Tufo,* former Acting Attorney General, and *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by
LARNER, J. A. D. Toms River Water Company appeals from the determination of the Board of Public Utility Commissioners relating to an application for a rate increase. The appellate issues are limited to (1) the propriety of the treatment by the Board of the expense factor for federal income taxes, and (2) the effective date of the rate increase.

These issues were fully explored in our recent opinion in *In re Lambertville Water Co.,* 153 *N. J. Super.* 24 (App.

Div. 1977), and require no further extensive analysis at this time.

 Toms River Water Company, as Lambertville Water Co., is a subsidiary of General Waterworks Corporation, which in turn is a subsidiary of I. U. International, a diversified multinational conglomerate. As we made clear in *In re Lambertville Water Co.*, the local utility, as a subsidiary of the parent company, "is not entitled to a deduction in the amount of 48% of net income [the corporate tax rate] merely because that is the amount paid to its parent company as a result of intercompany policy or agreement. * * * It is only the real tax figure which should control rather than that which is purely hypothetical." 153 *N. J. Super.* at 28.

 In harmony with this appropriate standard, the hearing examiner and the Board made an effort to determine the true effective tax rate and arrived at a figure of 42.53%. Unfortunately, however, the method by which this figure was calculated does not reflect the degree of rationality which would permit us to accept and affirm this administrative decision.

The computation was made by seizing upon two figures in the financial records of I. U. International designated as "taxable income as filed" and "taxable income adjusted" and dividing the latter by the former with a resulting quotient of 88.6%. The Board then applied that percentage to the statutory tax rate of 48% and arrived at 42.53% as the "effective tax rate."

We are unable to find a rational basis for the utilization of the foregoing formula as a means of determining the realistic tax rate applicable to the petitioner-subsidiary. It merely represents a meaningless calculation which eliminates only certain nonoperating items such as capital gains and losses. It does not have any relevancy to the tax rate which should be allocated to Toms River Water Company because of the tax benefits it receives as a result of the consolidated return filed by I. U. International.

An uncomplicated arithmetic computation for determining the effective tax rate of a subsidiary corporation may be summarized as follows. Such an effective rate may be found by dividing the aggregate net tax liability of all the affiliates in the group by the total of the taxable incomes of those affiliates having positive taxable incomes. This calculation has the effect of prorating the actual tax liability of the group among all the members of the group showing positive taxable income.

Difficulties may arise in the determination of which of the conglomerate's many subsidiaries should be included in making the above calculation. One rational approach is to consider the conglomerate as a whole, as suggested below by the Public Advocate (the "fused mass" approach). Another rational approach is to consider only the regulated members of the I. U. group. There exists also the hybrid approach approved in *FPC v. United Gas Pipe Line Co.,* 386 *U. S.* 237, 241, n. 2, 87 *S. Ct.* 1003, 1006, 18 *L. Ed.* 2d 18, 23 (1967).

A slightly different approach was recently taken in *Mechanic Falls Water Co. v. Public Utilities Comm'n, Me.,* 381 *A.* 2d 1080, 1091–1095 (1977). In that case, involving a subsidiary of the same conglomerate, the Supreme Judicial Court of Maine approved a finding of an effective tax rate of 28%, computed by eliminating only payments to "chronic" loss companies while allowing deductions for payments to subsidiaries showing only intermittent or occational losses.

The Board has the power and discretion to choose any of the foregoing general approaches or any other approach which rationally determines petitioner's effective tax rate. The following excerpt from a case involving the Federal Power Commission is equally applicable to our State scheme of regulation:

When Congress, as here, fails to provide a formula for the Commission to follow, courts are not warranted in rejecting the one

which the Commission employs unless it plainly contravenes the statutory scheme of regulation. [*Colorado Interstate Gas Co. v. FPC*, 324 *U. S.* 581, 589, 65 *S. Ct.* 829, 833, 89 *L. Ed.* 1206, 1216 (1945)]

We are therefore impelled to remand the matter to the Board for a reconsideration of this issue with such additional evidence as may be presented and meaningful findings based thereon. We do not undertake to direct the Board to utilize any particular method in arriving at a just conclusion, except to note that the method to be utilized must have a rational relationship with the requisite objective — namely, the determination of the actual tax liability. See *In re Lambertville Water Co., supra,* 153 *N. J. Super.* at 29. We do, however, suggest that the Board in its findings articulate its rationale for choosing any specific method of computation. The customers of Toms River Water Company should not be required, in the computation of the rate structure, to assume more than a proportionate share of the actual tax liability of that company. See *FPC v. United Gas Pipe Line Co.,* and *Mechanic Falls Water Co. v. Public Utilities Commission, supra.*

█ On the question of the effective date of any rate increase we reiterate our holding in *In re Lambertville Water Co.* to the effect that such increase shall become effective as of the point of time measured by the expiration of the eight-month statutory suspension period (*N. J. S. A.* 48:2–21 (d)), namely, January 7, 1976. 153 *N. J. Super.* at 30–33.

Reversed and remanded for reconsideration in conformity with this opinion. We do not retain jurisdiction.